### Asa H. Waters, Administrator *vs.* Abraham G. Randall.

A writ of error lies on a judgment of the court of common pleas, rendered on an appeal, pursuant to the Rev. Sts. *c.* 68, § 8, from the decision of commissioners on an insolvent estate.

A judgment rendered by the court of common pleas, in a case in which it has no jurisdiction, may be reversed on a writ of error.

Writ of error, brought by the administrator of tne estate of Asa Waters, which was insolvent. The defendant in error presented to the commissioners, appointed to receive and examine the claims against said estate, a claim exceeding $300, and appealed from their decision thereon to the court of common pleas; and at the last March term of that court, said claim was determined in favor of the claimant, and judgment was thereupon rendered for him. This writ of error was sued out

to reverse that judgment. The error assigned was, " that said court of common pleas had not authority to render judgment in said case, they not having jurisdiction over the matter of appeal of said Randall; but that said appeal should have been made directly to the supreme judicial court."

The defendant in error moved that the writ might be quashed, "because a writ of error does not lie to the court of common pleas, sitting as a court of appeal in the trial of a matter or issue arising out of proceedings in the probate court; and because the plaintiff" (in error) "had a remedy by appeal from the judge of probate's decision allowing this judgment to be filed among the list of claims against the estate of said Asa H.'s intestate; and for divers other good and sufficient reasons," &c.

*Bacon,* for the defendant in error.

*F. H. Dewey,* for the plaintiff in error.

WILDE, J. This is a writ of error to reverse a judgment ol the court of common pleas; and the defendant moves that the same may be quashed, on two grounds. 1st. Because no writ of error lies to the court of common pleas sitting as a court of appeal, in the trial of an issue, arising out of the proceedings of the probate court, allowing the claim of a creditor against an insolvent estate. 2d. And because the plaintiff's remedy was by appeal from the decision of the commissioners of insolvency.

As to the first reason for the motion, it has been argued that the proceedings in the court of common pleas were not according to the course of the common law. But we are of opinion that, by Rev. Sts. *c.* 68, § 8, the proceedings were strictly according to the course of the common law. That section provides that " any person, whose claim shall be disallowed in whole or in part by the commissioners, and any executor or administra tor, who shall be dissatisfied with the allowance of any claim, may appeal from the decision ol the commissioners, and the claim shall thereupon be determmed at common law; and it shall be tried and determined, in like manner as if an action had been brought therefor by the supposed creditor against the executor or administrator." Formerly, the law required a writ to

be sued out in such case *St.* 1784, *c.* 2. But this formality was deemed unnecessary; and by § 10 of *c.* 68 of Rev. Sts. it is enacted, that "at the term of the court, at which the appeal is entered, the supposed creditor shall file a statement in writing of his claim, setting forth briefly and distinctly all the material facts which would be necessary in a declaration for the same cause of action; and the like proceedings shall be thereupon had in the pleadings, trial, and determination of the cause, as in an action at law, prosecuted in the usual manner." It is clear, therefore, that the proceedings in the court of common pleas were according to the course of the common law.

The other ground of the defendant's motion is equally untenable. The plaintiff in error could not take an appeal from the judgment of the court of common pleas, unless it was founded upon matter of law apparent on the record; and this is not alleged. The objection, as made by the counsel of the defendant in error, relates to an appeal which was allowed from the decision of the judge of probate, which is wholly immaterial.

*Motion to quash overruled.*

The judgment of the court of common pleas was afterwards reversed, for the cause set forth in the assignment of error. (See *Kempe* v. *Kennedy*, 5 Cranch, 185. *Jordan* v. *Dennis* 7 Met. 590. *Sabine* v. *Strong*, 6 Met. 270.)